IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

V.                                                        1:13-cv-449-HSO
                                                         1:10-cr-102-HSO-RHW

JETHRO BROWN

MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S [114]
MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY AND DENYING
DEFENDANT'S [117, 118, 119] MOTIONS TO SUPPLEMENT OR AMEND
HIS § 2255 MOTION

BEFORE THE COURT are four motions filed by Defendant Jethro Brown: (1)
[114] Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a
Person in Federal Custody; (2) [117] "Motion to Supplement Pending 2255"; (3)
[118] "Motion to Request Leave of Court to File a Memorandum of Law Pursuant to
Title 28 U.S.C. § 2255 in Light of the Two Latest Supreme Court Cases *Alleyne v.
United States* . . . and *Descamps v. United States* . . . ."; and (4) [119] Amended
Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a
Person in Federal Custody.  Having considered the Motions, the record, and
relevant legal authority, the Court finds that Brown's Motions [114, 117, 118, 119]
should be denied.

Brown challenges the findings made by the Court at sentencing.  By
accepting a Plea Agreement with the Government, Brown waived his right to
contest his sentence.  Brown's dissatisfaction with his sentence does not render his
plea or the waivers in his Plea Agreement involuntary.  Brown's arguments
regarding his sentence furthermore lack merit.  Those contained in his [117]

"Motion to Supplement" and [119] Amended § 2255 Motion are barred by the one-year statute of limitations.

## I.  BACKGROUND

A.  Brown's Plea

On December 7, 2010, Brown was charged in four-counts of a four-count felony indictment alleging violations of the Federal Controlled Substances Act, 21 U.S.C. §§ 801, *et seq*.  Indictment [8].  Count One charged that Brown, John Darby, and Arthur Conway violated 21 U.S.C. §§ 846 and 841(a)(1) by knowingly and willfully conspiring and agreeing to intentionally possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine hydrochloride, a Schedule II(a) narcotic controlled substance; hydrocodone, a Schedule III narcotic controlled substance; and alprazolam, a Schedule IV non-narcotic controlled substance.  Count Two charged Brown with knowingly attempting to possess with intent to distribute hydrocodone, as prohibited by 21 U.S.C. § 841(a)(1).  Count Three charged Brown with knowingly attempting to possess with intent to distribute alprazolam, as prohibited by 21 U.S.C. § 841(a)(1). Count Four charged that Brown and Conway, aided and abetted by others, knowingly and intentionally possessed with intent to distribute hydrocodone, as prohibited by 21 U.S.C. § 841(a)(1).

Also on December 7, 2010, Brown was indicted in a separate but related criminal case before this Court.  Indictment [23], Criminal Case No. 1:10cr103-KS-RHW (S.D. Miss. Dec. 7, 2010).  In the separate case, Brown was charged, along with seven others, with conspiracy to possess with intent to distribute 5 kilograms

2

or more of a mixture or substance containing a detectable amount of cocaine hydrochloride, as prohibited by 21 U.S.C. §§ 846 and 841(a)(1).  Brown was also charged with intentionally possessing with intent to distribute less than 500 grams of cocaine, in violation of 21 U.S.C. § 21 U.S.C. § 841(a)(1).

Brown chose to plead guilty to Count One in this case, in exchange for, among other things, the Government moving to dismiss Counts Two, Three, and Four, and moving to dismiss the two Counts against Brown in the separate criminal case.  Brown executed a written Plea Agreement [51] and Plea Supplement *SEALED* [52] with the Government, which detailed both Brown's obligations and those of the Government.  In exchange for the Government entering into the Plea Agreements with Brown, Brown expressly waived the "the right to appeal the conviction and sentence" and "the right to contest the conviction and sentence or the manner in which the sentence was imposed in any post-conviction proceeding including but not limited to a motion brought under Title 28, United States Code, Section 2255 . . . ."  Plea Agreement [51] 4-5, ¶¶ 7(a) and (b).

On April 21, 2011, Brown entered his plea of guilty to Count One.  During the plea hearing, Brown acknowledged under oath in open court that he knew and understood that he could be sentenced to up to forty years imprisonment, the maximum possible term of imprisonment by statute for the crime to which he pleaded.  Tr. [98] at 13.  Brown averred that he understood the sentencing judge would decide his sentence, after considering the advisory United States Sentencing Guidelines ("U.S.S.G."), possible authorized departures from the Guidelines, and statutory sentencing factors.  Tr. [98] at 15.  Brown swore that he recognized he was

waiving his right to a jury determination of factual issues regarding sentencing and comprehended that the Court would resolve these issues under a preponderance of the evidence standard. He indicated that he understood that the Court could rely on any relevant evidence without regard to whether that evidence would be admissible at trial. *Id.* at 18.

After Brown's plea, the Indictment against him in the separate criminal case was dismissed, upon the Government's Motion. Order [121], Criminal Case No. 1:10cr103-KS-RHW (S.D. Miss. Nov. 18, 2011). Brown's sentencing hearing in this case was held on February 3, 2012.

## B.    The Presentence Investigation

Prior to Brown's sentencing, the United States Probation Office prepared a Presentence Investigation Report ("PSR"), which applied the 2010 edition of the Sentencing Guidelines to the facts gathered by the Probation Office and detailed in the PSR. Based on the quantity of drugs attributable to Brown under the U.S.S.G.'s relevant conduct provision, U.S.S.G. § 1B1.3, the PSR calculated Brown's base offense level as 38.[1] The base offense level was increased significantly due to the amount of cocaine attributed to Brown. According to the PSR, "Brown possessed more than three kilograms of cocaine per month over a 58 month time frame. As such, he possessed in [sic] 174 kilograms of cocaine." PSR *SEALED* [78] 24.

---

[1]"Types and quantities of drugs not specified in the count of conviction may be considered in determining the offense level." U.S.S.G. § 2D1.1 n. 12. "Courts are to consider more than the offense of conviction itself in fitting the sentence to the crime and the criminal." *United States v. Levario-Quiroz,* 161 F.3d 903, 906 (5th Cir. 1998).

4

The PSR also applied a four-level upward adjustment for Brown's role in the offense as an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive.  U.S.S.G. § 3B1.1(a).  This resulted in an adjusted offense level of 42.  After a three-level downward adjustment for acceptance of responsibility, Brown's offense level was reduced to 39.  U.S.S.G. § 3E1.1(a) and (b).  The PSR submitted that Brown met the criteria for a career offender enhancement based upon his prior conviction for burglary of a dwelling and two prior convictions for armed robbery.  U.S.S.G. § 4B1.1(a).  This resulted in a criminal history category of VI, but did not alter Brown's offense level of 39.  U.S.S.G. § 4B1.1(b).  The PSR concluded that based on an offense level of 39 and a criminal history category of VI, the Guideline imprisonment range was 360 months to life.  Because the statutory maximum term of imprisonment was forty years, this range was reduced to 360 months to 480 months.

Brown raised three objections to the PSR.  Brown objected to the drug quantity calculation for cocaine, submitting that he did not possess 174 kilograms of cocaine from 2006 until November 17, 2010, as alleged in the PSR.  Brown maintained that he primarily dealt in pharmaceuticals and that his involvement in large-quantity cocaine did not begin until July 2010.  Brown objected to the four-level upward adjustment for his alleged role in the offense, urging that he was not a leader or organizer in the conspiracy.  Brown objected to the career offender enhancement, submitting that his criminal history was overstated due to the length of time between his prior convictions and present conviction.

C.   Brown's Sentencing

At the sentencing hearing, Brown's counsel called Government witness, Lashan Ausmer, to testify regarding his knowledge of Brown's dealings in cocaine. Ausmer was Brown's codefendant in the separate criminal case and the witness upon whom the PSR most relied to quantify the cocaine attributable to Brown prior to 2010.  Ausmer gave a detailed Rule 11 proffer on December 20, 2010, before Ausmer's own plea and sentencing in the separate criminal case.[2]  Ausmer averred that Brown's involvement in cocaine trafficking began before Brown went to prison in 1995.  Ausmer submitted that Brown returned to dealing cocaine directly after his release from prison in December 2005.  In 2006 or 2007, Ausmer and his friends provided Brown with between $60,000.00 to $80,000.00 so that Brown would purchase cocaine for them from Brown's supplier in Houston, Texas.  The money was seized by law enforcement during a traffic stop.  Because Ausmer believed that Brown had stolen the money, Ausmer ceased dealing with Brown.[3]  Brown and Ausmer began dealing together again in large-quantity cocaine in 2010.

Brown's counsel argued at sentencing that the Government had no evidence supporting the conclusion that Brown dealt in large-quantity cocaine between the time that Ausmer ceased dealing with Brown in 2006 and the time that Ausmer began dealing with Brown again in 2010.  Brown's counsel submitted that there

_____

[2]Ausmer was sentenced to sixty months imprisonment, followed by five years of supervised release.  Judgment [114], Criminal Case No. 1:10cr103-KS-RHW (S.D. Miss. Sept. 7, 2011).

[3]Ausmer's testimony regarding what knowledge and interaction he had with Brown after the traffic stop was contradictory.

6

was also no evidence that Brown exercised control over anyone in the drug trafficking organization.  Counsel maintained that Brown was merely a buyer-seller in arms-length transactions.  The Court overruled Brown's objections, adopted the PSR and its addenda in their entirety as the Court's findings of fact, and made additional findings of fact on the record.  Tr. [93] 30.  The Court determined that the evidence, which exceeded Ausmer's proffer, easily supported a conclusion, by a preponderance of the evidence, that Brown was involved in ongoing efforts from 2006 forward to traffic cocaine in the amounts as stated in the PSR.  *Id.* at 25.  The Court found that Brown played a major role in the drug-trafficking organization and that he was undoubtedly a career offender whose prior periods of incarceration had not deterred him from criminal conduct.  *Id.* at 45.

After considering the statutory sentencing factors found in 18 U.S.C. § 3553, including the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, the Court granted the Government's and Brown's Motion to impose a sentence below the Guideline range.  *Id.* at 45-48.[4]  The Court sentenced Brown to 280 months imprisonment, eighty months below the advisory Guideline range of 360 to 480 months.  *Id.* at 47-48.  Upon the Government's Motion, the three remaining Counts against Brown were dismissed.  Judgment [82].  Brown timely appealed.

---

[4]Ausmer was sentenced to sixty months imprisonment.  Judgment [114], Criminal Case No. 1:10cr103-KS-RHW (S.D. Miss. Sept. 7, 2011).  Darby was sentenced to thirty-two months imprisonment.  Judgment [74].  An important distinction between Brown's case and Darby's case was that the Government, prior to Darby's plea, amended the Indictment against Darby to remove any reference to cocaine in Count 1.  Tr. [92] at 3-4; Tr. [93] at 46.

7

Brown argued on appeal that the Court erred in calculating the drug quantity for cocaine. Brown asserted that any drug quantity above the amount admitted by him was required to be found by a jury beyond a reasonable doubt and not by a judge under a preponderance of the evidence standard. Brown also maintained that the four-level upward adjustment for his role in the offense was not justified, urging that he was not a leader or organizer. Brown contended that the appeal waiver in his Plea Agreement was invalid because he did not knowingly waive his right to appeal a sentence which was calculated in plain error. Brown maintained that his limited education prevented him from understanding: (1) the effect of a jury deciding sentencing issues as opposed to a judge; and (2) that his sentence could be based on hearsay from informants who were criminals trying to obtain better deals for themselves.

Brown further complained that he was denied the effective assistance of counsel at sentencing because his counsel allowed him to be held accountable for cocaine drug quantities that were not adequately proven.[5] Brown posited that his counsel should have attempted to withdraw Brown's plea once it was determined that the information in the PSR was not credible. Brown submitted that his counsel should have advised him to plead "open" or insisted that a jury determine disputed factual sentencing issues.

On August 24, 2012, the Fifth Circuit Court of Appeals issued its opinion granting the Government's Motion to Dismiss Brown's appeal. Op. [112] 1-2. The

---

[5]On appeal, Brown was represented by new court-appointed counsel, as his previous counsel left the private practice of law. Mot. [81].

Fifth Circuit found that "Brown expressly waived his right to appeal his conviction and sentence," and the waiver was knowing and voluntary:

> The district court questioned Brown about whether he understood the plea agreement and had discussed it with counsel. The court specifically asked Brown if he understood he was giving up his right to appeal. Brown said he understood and entered a guilty plea.
>
> Brown now argues that he could not fully appreciate the terms of his plea. Brown told the district court his education stopped in eighth grade and he was a slow reader, but he confirmed he understood the English language and the purpose of the proceedings. There is no indication in the record that he did not comprehend the agreement or the explicit waiver of appeal. Because Brown "indicated that he had read and understood the plea agreement, which includes an explicit, unambiguous waiver of appeal, the waiver was both knowing and voluntary," and the waiver is therefore valid.

*Id.* at 2 (citing *United States v. McKinney,* 406 F.3d 744, 746 (5th Cir. 2005)).

The Fifth Circuit declined to resolve on direct appeal Brown's claim that he received ineffective assistance of counsel during sentencing. *Id.* The Judgment of the Fifth Circuit was entered on August 24, 2012, and issued as mandate on September 17, 2012. Brown did not file a petition for writ of certiorari.

The Clerk of Court received Brown's instant § 2255 Motion on December 5, 2013. In his § 2255 Motion, Brown objects to the drug quantity calculation for cocaine and the career offender enhancement. Intermingled with these claims is Brown's assertion that his sentence is unconstitutional in light of three decisions by the United States Supreme Court that were issued after he was sentenced on February 3, 2012. Those decisions are *Alleyne v. United States,* 133 S. Ct. 2155

(2013), *Peugh v. United States,* 133 S. Ct. 2072 (2013), and *Descamps v. United States,* 133 S. Ct. 2276 (2013).

## II.   DISCUSSION

A.   Brown's § 2255 Motion [114]

1.   Legal Standard

"Challenging a conviction and sentence with a section § 2255 motion is fundamentally different from a direct appeal." *United States v. Samuels,* 59 F.3d 526, 528 (5th Cir. 1995)(internal citation omitted).  After conviction and exhaustion or waiver of any right to appeal, it is presumed that a defendant stands fairly and finally convicted.  *Id.*  There are four narrow and separate grounds upon which a federal prisoner may move to vacate, set aside, or correct a sentence under § 2255: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the sentencing court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is "otherwise subject to collateral attack."  28 U.S.C. § 2255(a).

Collateral attack limits a movant's allegations to those of constitutional or jurisdictional magnitude.  *Samuels,* 59 F.3d at 528.  "Relief under § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet,* 81 F.3d 585, 589 (5th Cir. 1996).

2.    Brown's § 2255 Motion [114] is Timely under the Prisoner's Mailbox
      Rule

A motion filed under § 2255 must comply with the statute's one-year statute

of limitations, which runs from the latest of:

> (1) the date on which the judgment of conviction becomes
> final;
>
> (2) the date on which the impediment to making a motion
> created by governmental action in violation of the
> Constitution or laws of the United States is removed, if the
> movant was prevented from making a motion by such
> governmental action;
>
> (3) the date on which the right asserted was initially
> recognized by the Supreme Court, if that right has been
> newly recognized by the Supreme Court and made
> retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or
> claims presented could have been discovered through the
> exercise of due diligence.

28 U.S.C. §2255(f).

Brown's claims do not fall within the narrow exceptions of § 2255(f)(2)-(4).

While *Alleyne, Peugh,* and *Descamps* "were decided less than one year before

[Brown] filed his motion, the Supreme Court has not made any of these cases

applicable retroactively on collateral review."  Order [71], *United States v. Smith,*

Criminal No. 3:11-cr-46-DPJ-FKB (Sept. 23, 2013)(collecting cases).[6]  Accordingly,

---

[6]*See United States v. Olvera,* No. 13-51161, – F.3d –, 2015 WL 110149, **2
(5th Cir. Jan. 7, 2015)(finding "*Alleyne* does not apply retroactively."); *Preston v.
Ask-Carlson,* 583 F. App'x 462, 463 (5th Cir. 2014)(holding *Descamps* "is not a
retroactively applicable Supreme Court decision"); *In re Kemper,* 735 F.3d 211, 212
(5th Cir. 2013)(finding *Alleyne* does not apply retroactively).

the dates of these decisions are not relevant in determining the commencement of the one-year statute of limitations.

The date that Brown's judgment of conviction became final controls the commencement of the one-year statute of limitations.  28 U.S.C. § 2255(f)(1). Finality attaches when the United States Supreme Court "affirms a conviction on the merits on direct review or denies a petition for writ of certiorari, or when the time for filing a certiorari petition expires."  *Clay v. United States,* 537 U.S. 522, 527 (2003).  Rule 13 of the Rules of the Supreme Court of the United States provides that "the 90-day period for seeking a writ of certiorari runs from the date of entry of judgment, not the date the mandate issues."  *United States v. Petty,* 520 F.3d 361, 365 (5th Cir. 2008)(citing Sup. Ct. R. 13).  Ordinarily, as here, a judgment is entered on the same "date that the court issues an opinion announcing the ruling."  *United States v. Forrester,* 401 F. App'x 919, 920 (5th Cir. 2010)(citing *Petty,* 520 F.3d at 365).

The Fifth Circuit entered Judgment and issued its Opinion on August 24, 2012.  Because Brown did not seek a writ of certiorari, the Judgment became final ninety-days later on November 22, 2012.  Brown signed his § 2255 Motion on November 22, 2013.  The Federal Correctional Institution where Brown is incarcerated stamped the mailing envelope containing the Motion on December 2, 2013.  Envelope [114-1].  The Clerk of Court received and filed Brown's § 2255 Motion on December 5, 2013.

The ten-day delay between the date Brown signed the Motion and the date

12

the Federal Correctional Institution stamped the Motion's envelope for mailing is

suspicious.   Nevertheless, in the absence of evidence to the contrary, the Court will

infer that Brown's § 2255 Motion is timely under the prisoner's mailbox rule.

> For pleadings submitted by prisoners acting *pro se*, the Fifth Circuit has recognized that a "mailbox rule" applies and that the date when prison officials receive the pleading from the plaintiff for delivery to the court is considered the time of filing for limitations purposes.   It may reasonably be inferred that a prisoner delivered his petition to the prison officials for mailing on the date he signed it.

*Patterson v. Matthew,* No. 3:12cv815-CWR-FKB, 2013 WL 2385225, *1 n. 1 (S.D. Miss. May 30, 2013)(citations omitted).

   3.   <u>Brown Waived His Right to File a § 2255 Motion</u>

In his Plea Agreement, Brown waived his right to appeal the conviction and

sentence imposed, or the manner in which the sentence was imposed.   Brown

further waived his right to contest the conviction and sentence, or the manner in

which the sentence was imposed, in any postconviction proceeding, including but

not limited to a § 2255 motion.   Plea Agreement [51] 4-5, ¶¶ 7(a) and (b).

The Fifth Circuit found no indication in the record that Brown did not

comprehend the appeal waiver in his Plea Agreement.   Likewise, there is no

indication in the record that Brown did not comprehend the § 2255 waiver in his

Plea Agreement.   In limited circumstances, waivers will not apply to ineffective

assistance of counsel claims if the waiver itself or the plea was tainted by counsel's

ineffective assistance.   *United States v. White,* 307 F.3d 336, 339 (5th Cir. 2002).

The sole focus of Brown's § 2255 Motion is the calculation of his sentence.   Brown's

13

claims can be summarized as attacking the factual findings of the Court at sentencing and the Court's application of the Guidelines. These claims do not undermine the validity of Brown's plea or the postconviction waiver in his Plea Agreement. "It is well settled that claims based on alleged miscalculation or misapplication of the sentencing guidelines are not cognizable under 28 U.S.C. § 2255." *United States v. Jones,* 1:06cr35-LG-JMR, 2009 WL 3633350, *4 (S.D. Miss. Oct. 28, 2009)(citing *United States v. Williamson,* 183 F.3d 458, 462 (5th Cir. 1999) and *United States v. Payne,* 99 F.3d 1273 (5th Cir. 1992)).

Brown agreed to plead guilty with the knowledge that he could be sentenced to up to forty-years imprisonment. Tr. [98] at 13. Brown averred under oath that he understood his sentence would be determined by the sentencing judge. *Id.* at 15. Brown was informed by the Plea Agreement and the Court at the plea hearing that any factual issues regarding sentencing would be resolved by the sentencing judge under a preponderance of the evidence standard. *Id.* at 11, 18; Plea Agreement [51] 5. Brown expressly waived any right to a jury determination of sentencing issues. Tr. [98] at 18. Brown further acknowledged that he understood the Court could consider any relevant evidence in imposing a sentence, without regard to whether that evidence would be admissible under the Federal Rules of Evidence. *Id.* Brown averred that he knew the Court could impose a sentence more severe than that estimated by Brown or his attorney. *Id.* at 16.

Brown's sentence to 280 months imprisonment was 200 months less than the

Court could have imposed and 80 months below the advisory Guideline range. Brown's dissatisfaction with this sentence does not render his plea or the § 2255 waiver in the Plea Agreement involuntary. *United States v. Rodriguez,* 62 F.3d 723, 725 (5th Cir. 1995). The § 2255 waiver should be enforced, and Brown's § 2255 Motion dismissed with prejudice.

4.   *Alleyne, Peugh,* and *Descamps* Afford Brown No Relief

Even if *Alleyne, Peugh,* and *Descamps* applied retroactively, they afford Brown no relief.

a.   *Alleyne*

Brown asserts that "[t]he sentence imposed on Jethro Brown violated the law because the District Court committed Plain Error in considering a quantity of drugs not admitted to by Jethro Brown and not properly established at an evidentiary hearing by a jury beyond a reasonable doubt." Mot. [114] 4. Brown cites *Apprendi v. New Jersey,* 530 U.S. 466 (2000), and *Alleyne* for the proposition that any fact that increases a penalty must be submitted to a jury to be determined beyond a reasonable doubt. *Id.* at 2.

The *Apprendi* line of cases, which include *Alleyne* and *United States v. Booker,* 543 U.S. 220 (2005), "require proof beyond a reasonable doubt of a fact that increases *the statutory minimum or maximum sentence.* They do not apply to Guidelines calculations that, as in this case, fall within the statutory range." *United States v. Collins,* No. 12-10582, – F.3d–, 2014 WL 7014356, *7 (5th Cir.

15

2014)(citations omitted)(emphasis supplied). The Supreme Court in *Alleyne* "did not imply that the traditional fact-finding on relevant conduct, to the extent it increases the discretionary sentencing range for a district judge under the Guidelines, must now be made by jurors." *United States v. Hinojosa,* 749 F.3d 407, 412 (5th Cir. 2014). *Alleyne* affords Brown no relief.

   b.      *Peugh*

   Brown cites *Peugh* for the proposition that a miscalculation of the initial benchmark Guideline range renders his sentence unconstitutional. Mem. [115] 10. *Peugh* prohibits "a retrospective increase in the Guidelines range applicable to a defendant." 133 S. Ct. at 2084. Unlike the defendant in *Peugh*, Brown's sentence was calculated using the Guidelines in effect at the time the offense was committed. There was no retrospective increase in the applicable Guidelines range that would invoke the rule in *Peugh*. Order [71], *United States v. Smith,* Criminal No. 3:11-cr-46-DPJ-FKB, *6 (S.D. Miss. Sept. 23, 2013).

   3.      *Descamps*

   The Court determined at sentencing that Brown was a career offender under § 4B1.1 of the Guidelines, which placed Brown's criminal history in Category VI. The Court's determination was based upon Brown's three prior felony convictions, one for burglary of a dwelling and two for armed robbery.

   Section § 4B 1.1 of the U.S.S.G. allows enhanced "career offender" sentencing.

      A defendant is a career offender if (1) the defendant was at
      least  eighteen  years  old  at  the  time  the  defendant

16

> committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a).

> The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that –
>
> (1)    has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2)    is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a).

Brown contends that the Court erred in finding that his prior convictions qualified as predicate crimes of violence without first referencing *Shepard* documents. Mot. [114] 6-7. *"Shepard* documents" include charging documents, plea agreements, transcripts of plea colloquies, jury instructions, and verdict forms. *United States v. Ramos-Gonzalez,* Nos. 12-1610, 13-1263, — F.3d —, 2015 WL 64710, *16 (5th Cir. Jan. 6, 2015)(citing *Descamps,* 133 S. Ct. at 2281 and *Shepard v. United States,* 544 U.S. 13 (2005)).

In *Descamps,* the Supreme Court clarified the methodology that should be used to ascertain whether a defendant's prior conviction constitutes a violent felony under the Armed Career Criminal Act, 18 U.S.C. § 924(e). 133 S. Ct. at 2283. The holding in *Descamps* is applied in the context of determining whether a prior

conviction constitutes a crime of violence under U.S.S.G. § 4B1.2(a). *Ramos-Gonzalez,* 2015 WL 64710 at *15.

A court is permitted to reference *Shepard* documents to determine whether a prior conviction is a crime of violence if the prior conviction's offense-charging statute "alternatively criminalizes qualifying violent conduct and non-qualifying conduct, making it impossible to determine from the face of the statute whether the defendant's conviction was for a crime of violence." *Id.* at *16. Brown's prior convictions were for violations of statutes that criminalize only qualifying violent conduct. *See* Miss. Code Ann. § 97-17-23; Miss. Code Ann. § 97-3-79. The Court, therefore, correctly determined that the prior convictions were crimes of violence based on the face of the underlying criminal statutes alone, without resorting to *Shepard* documents. *Descamps,* 133 S. Ct. at 2286.

Burglary of a dwelling is expressly listed as a crime of violence in U.S.S.G. § 4B1.2(a). Mississippi's burglary of a dwelling statute does not define burglary more broadly than the basic elements of the generic burglary offense. *See* Miss. Code Ann. § 97-17-23. "[T]he generic, contemporary meaning of burglary contains at least the following elements: an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." *Taylor v. United States,* 495 U.S. 575, 598 (1990). The basic elements of Mississippi's burglary statutes are the same as those of the generic burglary offense. Miss. Code Ann. § 97-17-23.

18

Brown's two prior convictions for armed robbery qualify as crimes of violence because the convictions were punishable by imprisonment for a term exceeding one year and "ha[ve] as an element the use, attempted use, or threatened use of physical force against the person of another."  U.S.S.G. § 4B1.2(a).  Armed robbery under Mississippi's statute is defined as taking or attempting to take personal property of another "by violence" or "by putting such person in fear of immediate injury to his person by the exhibition of a deadly weapon . . . ."  Miss. Code Ann. § 97-3-79.  The Court was correct to determine that Brown's prior armed robbery convictions were crimes of violence without resorting to *Shepard* documents. *Descamps* affords Brown no relief.

B.   Brown's [117] "Motion to Supplement Pending 2255"

In his [117] "Motion to Supplement Pending 2255," Brown submits that there was no factual basis for his plea because he denied conspiring with John Darby to distribute cocaine.  Mot. [117] at 4, 8.  Brown also maintains that his counsel failed to investigate and did not call confidential informants for cross-examination at sentencing to prove that Brown did not know them and was innocent of some allegations in the PSR.  *Id.* at 13, 14.

Brown signed his [117] "Motion to Supplement Pending 2255" on March 31, 2014, over one year and four months after the Judgment against him became final on November 22, 2012.  Brown's [117] "Motion to Supplement" was clearly filed outside of the one-year statute of limitations.  Brown's proposed amendment does not relate back to the original § 2255 Motion because Brown is attempting to assert

19

new grounds for relief that differ in substance from those raised in his § 2255

Motion [114]. *United States v. Gonzalez,* 592 F.3d 675, 679 (5th Cir. 2009). The

[117] "Motion to Supplement" is untimely and should be denied.

Assuming Brown's proposed amendments related back to the original § 2255

claims, Brown's supplemental argument is without merit. Brown admitted at his

plea hearing that "he was dealing in excess of 500 grams of cocaine . . . ." Tr. [98] at

32. The factual basis for this admission was not contingent upon Brown's

agreement that he conspired with John Darby to deal in excess of 500 grams of

cocaine. Brown was charged in two separate criminal cases with conspiracy to

intentionally possess with intent to distribute in excess of 500 grams of cocaine.

One conspiracy involved Darby and the other Lonzo Griffin. *Id.* at 32. At

sentencing, Brown admitted that, between the two conspiracies, he dealt in excess

of 500 grams of cocaine. *Id.* Brown agreed that there was a sufficient factual basis

to support a conviction that he intentionally possessed with intent to distribute in

excess of 500 grams of cocaine. *Id.* Brown agreed to plead guilty to this charge,

knowing that he faced a sentence of up to forty years in prison for the crime. *Id.* at

23. Brown averred that no one forced him to plead guilty and that he chose to do so

because he was guilty. *Id.* at 12. Brown swore that his decision to plead guilty was

not based upon promises or assurances regarding the sentence he would receive. *Id.*

at 11-12, 16.

Brown contends that, despite his request, his counsel did not call as

20

witnesses at sentencing the confidential informants upon whom the Court and PSR relied. Brown submits that his counsel's failure in this regard constitutes ineffective assistance of counsel. Mot. [117] 4, 14. Even if timely, this claim is barred by the § 2255 waiver in Brown's Plea Agreement. A claim regarding a failure to call witnesses at sentencing does not call into question the validity of the § 2255 waiver or Brown's plea. Brown's claim is furthermore conclusory. The extent of Brown's allegation is that he "needed them CSIs to come in here and tell the truth because my life is on the line," he did not know the informants, and cross-examining them would have proven his innocence. *Id.* Conclusory claims are insufficient to state a claim for relief. *Collier v. Cockrell,* 300 F.3d 577, 587 (5th Cir. 2002). Brown is not entitled to relief based on non-specific speculation regarding how witnesses that he may or may not have been allowed to call at sentencing might have testified.

C.    Brown's [118] "Motion to Request Leave of Court to File a Memorandum of Law Pursuant to Title 28 U.S.C. § 2255 in Light of *Alleyne v. United States* and *Descamps v. United States*

Brown requests leave to file a memorandum of law in support of his § 2255 Motion "in light of the two latest Supreme Court cases *Alleyne* and *Descamps*." Mot. [118] 1. The Court has addressed *Alleyne* and *Descamps*. These cases are not retroactively applicable to cases on collateral review, and even if they were, they afford Brown no relief. Brown's Motion [118] should be denied.

D.    Brown's [119] Amended Motion Under 28 U.S.C. to Vacate, Set Aside, or
      Correct Sentence by a Person in Federal Custody

In his [119] Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or

Correct Sentence by a Person in Federal Custody, signed by Brown on February 24,

2015, Brown reurges many arguments that the Court has already addressed and

rejected.[7]  Brown advances a new alleged ineffective assistance of counsel claim,

asserting that his counsel allowed him to be "illegally sentenced to a 280 month

imprisonment under Title 21 U.S.C. § 841(b)(1)(B), instead of § 841(b)(1)(C)," the

latter which allows a maximum term of imprisonment of twenty years.  Mem. [120]

7.  Brown also seeks a reduction in the term of his imprisonment pursuant to 18

U.S.C. § 3582(c)(2), maintaining that the Sentencing Guidelines retroactive

Amendment 782 entitles him to a sentence reduction.

1.    Brown's 21 U.S.C. § 841(b)(1)(C) Claim

Brown was sentenced pursuant to 21 U.S.C. § 841(b)(1)(B), the penalty

provision applicable to convictions under 21 U.S.C. § 841(a)(1) that involve "500

grams or more of mixture or substance containing a detectable amount of" cocaine

hydrochloride.  21 U.S.C. § 841(b)(1)(B)(ii).  Brown maintains that "because neither

the Indictment nor the Plea Agreement list [sic] a specific amount of cocaine," he

was required to be sentenced under § 841(b)(1)(C).  Mem. [120] 7.  Section

---

[7]Notably, there is no suspicious ten-day-mailing delay associated with
Brown's [119] Amended Motion.  Brown signed the Amended Motion on the same
day that the Federal Correctional Institution stamped the Amended Motion for
mailing.  Envelope [119-1].

841(b)(1)(C) is the penalty provision applicable to a conviction for possessing or distributing an unspecified quantity of listed chemicals.  The maximum term of imprisonment allowed under § 841(b)(1)(C) is twenty years.

Brown's new claim, raised over two years and three months after the Judgment against him became final, is barred by the one-year statute of limitations.  The claim does not relate back to Brown's original § 2255 Motion [114] because it differs in substance from those Brown originally raised.  *Gonzales,* 592 F.3d at 679.  Even assuming that Brown's new claim could be deemed timely, or could survive the § 2255 waiver, Count 1 of the indictment, to which Brown pleaded, clearly charged Brown with conspiring to intentionally possess with intent to distribute "*500 grams or more* of a mixture or substance containing a detectable amount of cocaine hydrochloride, a Schedule II(a) narcotic drug controlled substance."  Indictment [8] 1 (emphasis added).  Brown furthermore admitted at his plea hearing that he was guilty of "dealing in excess of 500 grams of cocaine . . . ."  Tr. [98] at 32.  Brown's sentence is in perfect accord with the statute under which he stands convicted, which provides for a sentence of "not [] less than 5 years and not more than 40 years" for the crime of knowingly or intentionally possessing with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine hydrochloride.  21 U.S.C. § 841(b)(1)(B).

    2.    Brown's Request for a Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)

Brown requests a reduction in the term of his imprisonment pursuant to 18

U.S.C. § 3582(c)(2). Section 3582(c)(2) allows the Court to "modify a term of imprisonment once it has been imposed . . . in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(2). On April 30, 2014, the United States Sentencing Commission promulgated Amendment 782, which became effective on November 1, 2014. The Amendment revised the Drug Quantity Table in U.S.S.G. § 2D1.1, reducing by two levels the offense level applicable to many, but not all, drug trafficking offenses. The Commission unanimously voted to make Amendment 782 retroactively applicable to sentenced defendants.

Brown's request for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) is not appropriate for determination in a 28 U.S.C. § 2255 proceeding. In accordance with the Court's procedure, the United States Probation Office will evaluate Brown's request to determine whether he may qualify for a reduction in sentence pursuant to Amendment 782.

### III.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Defendant Jethro Brown's [114] Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Defendant Jethro Brown's [117] "Motion to Supplement Pending 2255" is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Defendant Jethro

Brown's [118] "Motion to Request Leave of Court to File a Memorandum of Law Pursuant to Title 28 U.S.C. § 2255 in Light of the Two Latest Supreme Court Cases *Alleyne v. United States* . . . and *Descamps v. United States* . . . ." is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Defendant Jethro Brown's [119] Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 10th day of March, 2015.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE

25